# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MAX CLARK TANNER,

    Defendant.

Case No. 2:00-CR-00193-KJD-LRL

**ORDER**

Currently before the Court is Defendant Max Clark Tanner's Motion to Terminate Supervised Release (#445). The Government filed a Response in Opposition (#446), to which Defendant filed a Reply (#448).[1]

**I. Background**

On November 19, 2001, Defendant was found guilty of 37 counts arising from his involvement in a securities fraud and conspiracy scheme. (See #197). On November 12, 2002, Defendant was sentenced to 96 months of imprisonment. Additionally, Defendant was ordered to serve a term of 3 years of supervised release following his term of imprisonment, in which he is not permitted to leave the judicial district without permission of the Court or his probation officer. (See

---

[1] Defendant's Reply is also designated as a Motion to Extend Time to File Reply (#447). Good cause appearing, Plaintiff's Motion for Extension (#447) is granted.

#278).  Defendant was also ordered to pay criminal monetary penalties pursuant to a designated schedule of payments in the amount if $3,700 in assessment and $3,250,230.75 in restitution. Defendant completed his 96 month sentence of imprisonment on November 17, 2009, and has been on supervised release since that time.

On May 26, 2010, the Court issued an Order (#444) which granted Defendant's Motion to Modify Conditions of Release (#441), wherein the Court found that Defendant would be allowed to travel to Columbia pending submission of an itinerary for the travel requested, in order that Defendant could meet and possibly marry his intended bride.  Since issuing the Order however, no travel itinerary has been filed.  Rather, Plaintiff filed the instant Motion on October 1, 2010, seeking that the Court terminate his condition of supervised release.  Defendant seeks termination of his condition of supervised release in order that he may work for a substantial period of time in his employer's (Protech Theatrical Services Inc.) international manufacturing office located in Ho Chi Mihn City, Vietnam.

Defendant has included with his Motion, Exhibits consisting of a letter from Will Brants, the Chief Executive Officer of Protech Theatrical Services, Inc., to Defendant's Probation Officer in support of Defendant's request, and a letter of support addressed to Defendant from his former religious leader, Ken B. Asay.  Defendant avers that his conduct during his residential reentry period and supervised release to date have been "without blemish" and "exemplary" thus meriting termination of his supervised release.  Additionally, Defendant avers *inter alia* that the circumstances of his offense, lack of criminal history, family circumstances, education level, and restitution payments to date support a finding of termination.

The Government opposes an early termination of Defendant's sentence, arguing that the amount Defendant has allocated towards restitution does not absolve him from further obligation or restitution.

## II. Legal Standard

The Court has authority to approve the modification or termination of conditions of supervised release upon consideration of the factors set forth in 18 U.S.C.§§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6).  See 18 U.S.C. § 3583; U.S. v. Gross, 307 F.3d 1043, 1044–45 (9th Cir. 2002).  Those factors include, *inter alia*, the nature and circumstances of the offense, history and characteristics of the defendant, deterrence of criminal conduct, protection of the public from further crimes, the provision of education and/or vocational training, effective correctional treatment, consideration of the established sentencing range and sentencing policies for the crime committed, and the need for restitution.

The Court concludes that the above listed factors do not support a finding for early termination of Defendant's supervised release.  Though the Court takes into its consideration the same factors for both modification and/or termination of the conditions of supervised release, (listed above) the difference between the two is pronouncedly distinguishable.  Here, the underlying nature and circumstances of offense compel the denial of Defendant's Motion.  The Court finds that early termination of Defendant's supervised release would sanction a lesser gravitas of his sentence than is warranted by good behavior and the regular payment of restitution, and does not serve the interest of justice.

## III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant Max Clark Tanner's Motion to Terminate Supervised Release (#445) is **DENIED**.

DATED this 22nd day of November, 2010.

_____
Kent J. Dawson
United States District Judge